**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 27 2021
MITCHELL R. ELFERS
CLERK

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Dean GROSS<br><br>*Defendant(s)* | ) ) ) Case No. 21-MJ-121<br>) )<br>) )<br>) ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 23, 2021** in the county of **Bernalillo** in the District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. §1001 | On or about the above date, Dean GROSS did knowingly and willfully make a false statement to an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acted as such. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Jimmie Glisson, Deputy U.S. Marshal, USMS
*Printed name and title*

Electronically submitted and telephonically sworn.

Date: 01/27/2021

*Judge's signature*

City and state: Albuquerque, NM

Steven C. Yarbrough, United States Magistrate Jud
*Printed name and title*

Criminal Complaint - Continued.

United States of America
      V.
Dean GROSS
SSN: XXX-XX-1984

1. I, Jimmie GLISSON, a Deputy United States Marshal with the United States Marshals Service, being duly sworn, deposes and states:

2. I am a Deputy United States Marshal with the United States Marshals Service (USMS), I have been employed with USMS since October of 2002. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 510, in that I am an officer of the United States who is empowered by law to conduct and investigate fugitive matters, domestic and foreign, to include federal, state and local fugitives as part of fugitive task forces.

3. Through the USMS, I attended the Basic Deputy United States Marshal Training Program and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. During these programs, I received instruction in and practiced the investigation of violations of federal law. Additionally, my training and experience has involved, among other things, being the primary lead investigator for hundreds of fugitive investigations/cases involving federal, state and local fugitives, to include the interviewing of defendants, witnesses and informants, as well as others who have knowledge of the location and whereabouts of fugitives.

4. The statements contained in this affidavit are based, in part, on information provided by Task Force Officers (TFOs) assigned to the USMS Southwest Investigative Fugitive Task Force (SWIFT), officers assigned as New Mexico Department of Corrections/Probation and Parole-Security Threat Intelligence Unit (STIU) and other law enforcement officers, and on my background and experience as a Deputy United States Marshal.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

1. On January 23, 2021, your Affiant, as part of the USMS-SWIFT, assisted elements of the NMDOC/P&P-STIU (hereafter referred to as STIU) to conduct an enforcement operation intended to locate and apprehend numerous persons, presently under the supervision of the NMDOC/P&P. The identified persons had violated the terms of their respective supervision, resulting in the issuance of a State of New Mexico Arrest Order/Warrant, as well as had criminal histories that indicated a high risk of violence and flight.

Criminal Complaint - Continued.

United States of America
        V.
Dean GROSS
SSN: XXX-XX-1984

2. As such, one subject identified for the operation, Destiny WATKINS, had a NMDOC/P&P arrest warrant. WATKINS was under NMDOC-P&P supervision resulting from a 2017 conviction in New Mexico state court for Aggravated Burglary with a Deadly Weapon. On, January 23, 2021, STIU developed information that WATKINS was residing at 3092 Rosendo Garcia Rd SW, Albuquerque NM 87105.

3. On January 23, 2021, at approximately 12:00 PM, your Affiant, along with several other STIU and USMS-SWIFT elements, traveled 3092 Rosendo Garcia Rd SW, Albuquerque NM 87105. Upon arrival, the following was visually observed from the street:

    (a) The main structure appeared to be a permanent manufactured residence, blue-in-color, with white trim; the main entrance faced South.

    (b) A travel-trailer, primarily cream/white-in-color, was set up adjacent to the primary residence, oriented North/Northwest, with the entrance visible from the road. Additionally, it appeared that two "cut-outs" were extended from the travel trailer. There were also several hoses and cords that were connected to the trailer that, to personnel on scene, indicated that someone was residing in the trailer. Outside the front of the trailer, a yellow Ford pickup was observed, on a jackstand.

4. Due to there being two possible locations, where a person(s) could be, the STIU and USMS-SWIFT elements dispersed to simultaneously cover both locations. STIU officers Aubyn RHOADES and Chris STANDLEY, along with your Affiant, began to make their presence known at the travel trailer. Shortly thereafter, a white-male, later identified as Dean GROSS, opened the travel trailer door.

5. Your Affiant observed and heard STIU Officer RHOADES verbally interact with GROSS. Almost immediately, GROSS was uncooperative. STIU Officer RHOADES explained that the STIU and USMS-SWIFT were present to locate and apprehend WATKINS, specifically "Destiny." GROSS denied knowing WATKINS. STIU Officer RHOADES again explained that the only intended purpose of the endeavor was to locate and apprehend WATKINS. GROSS continued to be uncooperative and attempted to

Criminal Complaint - Continued.

United States of America
    V.
Dean GROSS
SSN: XXX-XX-1984

deflect the conversation.

6. During the course of the conversation, GROSS uttered the statement that forms the basis of the proposed charge under 18 U.S.C. § 1001. Specifically, GROSS stated there was no one else inside the travel trailer.

7. In contrast to GROSS's representation that no one else was inside the trailer, Your Affiant observed what appeared to be another person within the structure. Consequently, GROSS was asked, again, who else was in the trailer. In response, GROSS continued to deny anyone else being present in the trailer with him. Throughout this part of the encounter, GROSS remained inside the trailer, with the door close to his body, as to hinder any observation into the trailer.

8. Shortly thereafter, GROSS exited the travel trailer and began to proceed towards the main residence. As GROSS exited, your Affiant observed GROSS to only exit and did not appear to lock/secure the door. STIU Officers RHOADES and STANDLEY maintained observation of the travel trailer.

9. Your Affiant then asked GROSS to speak with your Affiant, who identified himself as a Deputy United States Marshal. Your Affiant explained that STIU had a warrant for WATKINS and as it was a lawful arrest order that was issued under the provisions of the State of New Mexico. Your Affiant additionally advised GROSS that, under Federal Law, anyone lying to a federal officer could be charged with a federal crime.

10. Your Affiant further explained to GROSS that the purpose of STIU and USMS-SWIFT elements being present was to locate and apprehend Destiny WATKINS. Despite these admonitions, GROSS continued to deny knowledge of WATKINS. GROSS then asked to speak with his grandmother, who GROSS stated lived in the primary residence. GROSS was escorted to personnel who were assigned to the primary residence. As GROSS was walking away, your Affiant challenged him with information that Destiny WATKINS was, in fact, in the trailer. GROSS responded her name was "Devine."

Criminal Complaint - Continued.

United States of America
     V.
Dean GROSS
SSN: XXX-XX-1984

---

11. Shortly thereafter, your Affiant became aware that STIU Officers RHOADES and STANDLEY were communicating with someone in the travel trailer. It was subsequently discovered that Watkins was inside the trailer contrary to GROSS's earlier statements. Shortly thereafter, Destiny WATKINS emerged from the travel trailer and was taken into custody, without further incident.

12. After WATKINS was taken into custody, GROSS was briefly detained. Shortly thereafter, GROSS's grandmother, C.G., arrived. Your Affiant briefly spoke with C.G. and explained the reasons that STIU and USMS were at her residence. Your Affiant asked if C.G. knew Destiny WATKINS, and C.G. responded that WATKINS had received some mail at the residence.

13. Based upon these facts, your Affiant opines there is probable cause to believe that Dean GROSS did knowingly and willfully make false statements to a Federal Law Enforcement Officer in violation of 18 U.S.C. § 1001.

14. Assistant United States Attorney Jack Burkhead approved submission of this criminal complaint.

Respectfully submitted,

Jimmie Glisson
Deputy United States Marshal
USMS

Electronically submitted and telephonically sworn
on January 27, 2021:

UNITED STATES MAGISTRATE JUDGE